# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BYRON GREENE, | ) |
| Plaintiff, | ) No. 3:15-cv-00145 |
| | ) Judge Campbell |
| v. | ) |
| JOHN DOE #1, *et al.*, | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Plaintiff Byron Greene, acting *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging that the defendants Prisoner Transportation Services of America, LLC, officer John Doe #1, and officer John Doe #2 violated the plaintiff's civil rights when transporting him, as a pre-trial detainee, from Fort Worth, Texas to New Albany, Mississippi. (Docket No. 1). According to the plaintiff's most recent filings, he is no longer incarcerated. (Docket No. 10).

Greene initially filed his complaint in the Northern District of Mississippi, Aberdeen Division. *See Greene v. Doe #1*, No. 1:15-cv-00027 (N.D. Miss. Feb. 5, 2015)(Aycock, J.). By order entered on February 18, 2015, the Honorable Sharion Aycock transferred Greene's case to this Court, finding that venue is more appropriate in this district since defendant Prisoner Transportation Services of America, LLC, is a company based in Nashville and the John Doe defendants appear to be as-yet unidentified employees of Prisoner Transportation Services, LLC. (Docket No. 6).

Because Plaintiff is proceeding *in forma pauperis* in this case, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.     Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.    Section 1983 Standard**

Plaintiff Greene seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.    Alleged Facts**

The complaint alleges that Plaintiff was detained at the Terrant County Jail in Fort Worth, Texas, when Defendant Prisoner Transportation Service of America, LLC arrived on August 8, 2014, to transport Plaintiff to New Albany, Mississippi. Officer John Doe #1 placed a belly chain and leg irons on Plaintiff and placed him in the rear compartment of a cargo van. Plaintiff maintains that the van had a plexiglass partition that separated the drivers from the cargo area, and that the plexiglass prevented airflow into the non-air-conditioned, windowless cargo area, which was

occupied by approximately seven inmates. During the time, the outside temperature was over one hundred degrees Fahrenheit. According to the complaint, the temperature inside the van's cargo area was one hundred and nine degrees Fahrenheit. Plaintiff "passed out" twice in two hours due to the extreme heat, and other inmates "passed out," too. Officer John Doe #1 stopped at a store and purchased a bag of ice. He gave the inmates "about five pieces of ice to each [inmate] in a small plastic bag" and sprayed the inmates with some kind of air freshener.

After about four hours of travel, in or near Gainesville, Texas, the van stopped to pick up another prisoner. At this stop, Plaintiff was soaked with sweat and was experiencing dizziness, black-outs, and trouble breathing, so he asked to speak to the Sheriff or someone in charge. The complaint alleges that, in response to Plaintiff's request, officer John Doe #1 said, "I had enough of this smart ass," and three local deputies and officers John Doe #1 and #2 picked up Plaintiff by his limbs, carried him to the rear of the cargo van, and threw him head-first inside. The complaint alleges that two of Plaintiff's teeth were knocked out in the process, and that five other teeth were loosened to the point that they subsequently required removal.

The complaint further alleges that Plaintiff's pleas for medical attention were ignored and met with jokes. He stayed chained in the same manner for appropriately two days, until he was turned over to other unidentified persons in the state of Kentucky on August 10, 2014. These persons and John Doe #2 subjected Plaintiff to a strip search upon transfer. Plaintiff was then transported to New Albany, Mississippi, on or about August 14, 2014, without receiving medical attention for his injuries.

**V.     Analysis**

The Eighth Amendment's Cruel and Unusual Punishment Clause requires prison officials to

ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S. Ct. 1401, 51 L.Ed.2d 711 (1977). Plaintiff appears to have been a pretrial detainee at the time of his transport from Texas to Mississippi. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir .2001). Therefore, the Court will review Plaintiff's conditions of confinement claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

The Constitution does not protect a pre-trial detainee or prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes*, 101 S.Ct. 2400. It necessarily follows, then, that a pre-trial detainee or prisoner has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another. *See Waller v. Transcor Am.,* 2007 WL 3023827, at *6 (M.D. Tenn. Oct. 11, 2007)(citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (a prisoner's mere discomfort, without more, does not offend the Eighth Amendment)).

However, Plaintiff here alleges that he suffered more than mere discomfort while being transported as a pre-trial detainee from one location to another. He alleges that officers, acting pursuant to a policy and custom of Prisoner Transportation Services of America, LLC, responded to Plaintiff's request for medical attention due to symptoms caused by the extreme heat in the cargo

4

van by tossing Plaintiff, who was shackled at the time, head-first into the hot cargo van about which Plaintiff had just complained, resulting in specific, documented injuries to Plaintiff, including the loss of seven teeth. Even after sustaining these injuries, Plaintiff contends that the defendants ignored his pleas for assistance and medical attention, keeping him shackled in the cargo van for two additional days of transport. (Docket No. 1).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of a Constitutional violation. *Estelle*, 429 U.S. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Based on Plaintiff's allegations, the Court finds that Plaintiff states colorable claims against the defendants under § 1983 for the failure to provide medical treatment.

Next, the Fourth Amendment of the United States Constitution protects individuals from

excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The Court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the Court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively. *Graham v. Connor*, 490 U.S. 386, 396-97(1989). The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The Court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

Based on the allegations in the complaint, the Court finds that Plaintiff states an excessive force claim under § 1983 against the defendants. This claim, together with Plaintiff's denial of medical treatment claim, will be permitted to proceed for further development.

## VI. Conclusion

As set forth above, the Court finds that the complaint states colorable excessive force claims and failure to provide medical treatment claims pursuant to 42 U.S.C. § 1983. The case will proceed as to these claims against defendants Prisoner Transportation Services of America, LLC, and the two unnamed John Doe defendants. As to the John Doe defendants, although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery.

*See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The Court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" defendants at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

An appropriate order will be entered.

                                                  _____
                                                  Todd J. Campbell
                                                   United States District Judge