IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BYRON GREENE | ) | |
| | ) | |
| v. | ) | No. 3:15-00145 |
| | ) | JUDGE TODD J. CAMPBELL |
| | ) | |
| PTS OF AMERICA, LLC, et al. | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court is Defendant PTS Of America, LLC's Rule 60(b) Motion To Vacate The February 9, 2016 Default Judgment (Docket No. 68). For the reasons set forth herein, the Motion is GRANTED as follows: The default judgment entered on January 11, 2016 (Docket No. 58)[1] is VACATED.

This case is referred to the Magistrate Judge for customized case management.

II. Procedural Background

Plaintiff Byron Greene brought this action against Defendants PTS of America, John Doe Officer # 1, and John Doe Officer #2 for violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment Rights arising out of injuries the Plaintiff allegedly sustained during the Defendant's transport of him from a jail facility in Texas to one in Mississippi. (Docket No. 1). The Complaint was filed on February 5, 2015 in the District Court for the Northern District of Mississippi. (Id.) The case was subsequently transferred to this Court. (Docket No. 6).

On June 29, 2015, the Court Clerk filed an Entry Of Default (Docket No. 27) against

---

[1] The Defendant's Motion mistakenly states that the date of the judgment was February 9, 2016 rather than January 11, 2016.

Defendant PTS of America, indicating that the U.S. Marshal Service had served process on the Defendant on April 17, 2015 by delivery to Shawna Englert at the address of record for service as provided at the Tennessee Secretary of State's business information website (Docket No. 18). Upon recommendation of the Magistrate Judge, this Court subsequently granted the Plaintiff's Motion For Default Judgment, on January 11, 2016 (Docket Nos. 55, 58) in the amount of $80,000, having determined that Defendant PTS of America had failed to appear. By subsequent Order entered on February 9, 2016 (Docket Nos. 61, 64), the Court dismissed the two John Doe Defendants without prejudice because the Plaintiff had not served or identified those Defendants.

### III. Analysis

Through the pending Motion, filed on March 8, 2016, Defendant PTS of America seeks to set aside the default judgment, pursuant to Federal Rule of Civil Procedure 60(b)(4), or alternatively, 60(b)(1) or (b)(6). Federal Rule of Civil Procedure 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A judgment is void under Subsection (b)(4) of Rule 60 if the defendant has not been properly served with process enabling the court to have personal jurisdiction over the defendant to adjudicate the rights of the parties. See, e.g., Wells v. Rhodes, 592 Fed. Appx. 373, 376-79 (6th Cir. 2014); O.J. Distributing, Inc. V. Hornell Brewing Co., Inc., 340 F.3d 345 (6th Cir. 2003).

Service of process on the Defendant, as an LLC, is governed by Federal Rule of Civil Procedure 4(h), which provides in pertinent part, as follows:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1)[2] for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

In entering the default judgment in this case, the Court relied on the Plaintiff's

---

[2] Rule 4(e)(1) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

3

representation that the U.S. Marshal Service had served process on the Defendant by delivery to Shawna Englert at the address of record for service as provided at the Tennessee Secretary of State's business information website. (Docket Nos. 18, 27, 55, 58). The affidavits filed by the Defendants, however, indicate that Ms. Englert was a bookkeeper and receptionist, and not an agent authorized to receive service of process (Docket Nos. 70, 71, 75, 83, 84, 85). Service on an unauthorized agent is not effective under Rule 4(h). O.J. Distributing, 340 F.3d at 354-55 (Service of process was not effected under Rule 4(h) through the signature of an unknown receptionist).

Plaintiff has not established that service was effected by any alternative means.[3] Therefore, as Plaintiff has not established that service of process was effected as required by law, the default judgment against Defendant PTS of America is void under Rule 60(b)(4). Accordingly, the Defendant's Motion To Vacate is GRANTED as to the default judgment entered on January 11, 2016 (Docket No. 58).

It is so ORDERED.

　　　　　　　　　　　　　　　　　　　　_Todd Campbell_
　　　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff points out that the Defendant's Registered Agent for Service of Process, Kent Wood, ceased working in 2014 at the address listed with the Tennessee Secretary of State's Office, and that the Defendant did not update its address as required. In obtaining the default judgment, however, the Plaintiff did not rely on service of the registered agent.